UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NAVIGATOR'S MANAGEMENT, INC.., a/s/o
Century Sourcing, Inc., Today's Apparel, Inc., and
RGE Motor Direct, Inc.

                                        Plaintiff,

   - against –

Evergreen Marine (UK) Limited and Evergreen Marine
Corp. (Taiwan) Ltd., all trading as "Evergreen Line,"

                                   Defendants.        21 Civ.
-------------------------------------------------------------X

## COMPLAINT

Plaintiff, NAVIGATOR'S MANAGEMENT, INC.., a/s/o Century Sourcing, Inc., Today's Apparel, Inc., and RGE Motor Direct, Inc., by and through its attorney, Law Office of James P. Krauzlis, Esq., as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the Evergreen Line bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

## PARTIES

2. At all material times, NAVIGATORS MANAGEMENT, INC. a/s/o Century Sourcing, Inc., Today's Apparel, Inc., and RGE Motor Direct, Inc., (hereinafter "NAVIGATORS"

or "Plaintiff") was and is a corporation with an office and place of business located at 1 Penn Plaza, 32nd Floor, New York, New York 10119, and is the subrogated cargo insurer of the consignments of containerized cargo as more specifically described below.

3.      At all material times Evergreen Marine (UK) Limited, (hereinafter "Evergreen Line" or "Defendant") with its principal office and place of business located at (LONDON OFFICE) EVERGREEN HOUSE, 160 EUSTON ROAD, , LONDON, GREATER LONDON NW1 2DX and in care of EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION (NEW YORK OFFICE), ONE EVERTRUST PLAZA, JERSEY CITY , NEW JERSEY 07302 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire..

4.      At all material times Evergreen Marine Corp. (Taiwan) Ltd., (hereinafter "Evergreen Line" or "Defendant") with its principal office and place of business located at Evergreen International Corp., 9th Floor, 166, SEC.2, MINSHENG E. ROAD , TAIPEI 104 and in care of EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION (NEW YORK OFFICE), ONE EVERTRUST PLAZA, JERSEY CITY , NEW JERSEY 07302 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5.      "Evergreen Line" is the common trading name for the Evergreen Group's container shipping companies that comprise Evergreen Marine Corp. (Taiwan) Ltd., Italia Marittima S.p.A., Evergreen Marine (UK) Ltd., Evergreen Marine (Hong Kong) Ltd. and Evergreen Marine (Singapore) Pte. Ltd.,

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## **RELEVANT FACTS**

Claim One

7. On or about December 23, 2020, a consignment consisting of 480 cartons containing trolley suitcases shipped in Container EGHU 922861-1, then being in good order and condition, was delivered to Defendant Evergreen Marine (UK) Limited and/or its agents in Shanghai, China, by cargo shipper Ningbo Enlly Trade Limited. The cargo was booked for transit on board the M/V EVER LIBERAL in Shanghai destined for Long Beach,, CA, all in consideration of an agreed upon freight, and pursuant to Evergreen Line bill of lading 142002112291 dated December 23, 2020, requiring delivery to the owner of the shipment at destination, Century Sourcing, Inc., the consignee of the subject shipment.

8. Thereafter the container was loaded on board the M/V EVER LIBERAL on or about December 23, 2020, Evergreen Line bill of lading 142002112291 was issued and the vessel sailed for her intended destination.

9. Upon arrival at Long Beach, CA, the subject container was not discharged and was not delivered to the cargo owner and/or consignee, Century Sourcing, Inc., it being alleged the subject container EGHU 922861-1 was lost overboard during the voyage from Shanghai to Long Beach, CA.

10. As a result of the failure on the part of Evergreen Line to deliver the subject container at the port of discharge, Long Beach, CA, the consignment was not in the same good

3

order and condition as when first received by defendant, but, instead, had suffered physical damage and was considered a total loss while in said defendant's care, custody, and control.

11. The damage to the subject cargo was not the result of any act or omission of the plaintiff or its assured, Century Sourcing, Inc., the owner of the subject shipment but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

12. The invoice value of the cargo was $13,396.03, including duty and other charges which Century Sourcing, Inc., were obligated to pay with respect to the subject shipment. Century Sourcing, Inc., also paid freight charges in the total amount of $4,595.00. Thus, Century Sourcing, Inc., suffered a loss in the amount of $17, 991.03.

13. As a result of the foregoing, Century Sourcing, Inc., suffered damages in the amount of $17, 991.03.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Century Sourcing, Inc., and Navigators, which provided coverage for, among other things, loss, or damage to the aforementioned consignment being carried in container EGHU 922861-1 as hereinbefore described.

15. Pursuant to the aforementioned contract of insurance between Century Sourcing, Inc., and Navigators,, monies have been expended on behalf of Century Sourcing, Inc.,to the detriment of Navigators due to the loss of the subject container EGHU 922861-1 during ocean transit.

16. As Navigators has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Evergreen Marine (UK) Limited, Navigators has an

equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant Evergreen Marine (UK) Limited.

17. Century Sourcing, Inc., in addition, assigned the deductible portions of the claim to Navigators.

18. By reason of the foregoing, Plaintiff has sustained losses with respect to the cargo in container EGHU 922861-1 which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $17, 991.03.

Claim Two

19. On or about December 23, 2020, a consignment consisting of 521 cartons containing garments shipped in Container EGHU9863366, then being in good order and condition, was delivered to Defendant Evergreen Marine (Taiwan) Limited and/or its agents in Shanghai, China, by cargo shipper Jiangsu Weina Fashion Co., Ltd. The cargo was booked for transit on board the M/V EVER LIBERAL in Shanghai destined for Los Angeles, CA, all in consideration of an agreed upon freight, and pursuant to Evergreen Line bill of lading 142002480931 dated December 23, 2020, requiring delivery to the owner of the shipment at destination, Today's Apparel, Inc., the consignee of the subject shipment.

20. Thereafter the container was loaded on board the M/V EVER LIBERAL on or about December 23, 2020, Evergreen Line bill of lading 142002480931 was issued and the vessel sailed for her intended destination.

21. Upon arrival at Los Angeles, CA, the subject container was not discharged and was not delivered to the cargo owner and/or consignee, Today's Apparel, Inc., it being alleged the subject container EGHU9863366 was lost overboard during the voyage from Shanghai to Los Angeles, CA.

22. As a result of the failure on the part of Evergreen Line to deliver the subject container at the port of discharge, Los Angeles, CA, the consignment was not in the same good order and condition as when first received by defendant, but, instead, had suffered physical damage and was considered a total loss while in said defendant's care, custody, and control.

23. The damage to the subject cargo was not the result of any act or omission of the plaintiff or its assured, Today's Apparel, Inc., the owner of the subject shipment but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

24. The invoice value of the cargo was $202,772.60, including duty and other charges which Today's Apparel, Inc., were obligated to pay with respect to the subject shipment. Thus, Today's Apparel, Inc., suffered a loss in the amount of $202,772.60.

25. As a result of the foregoing, Today's Apparel, Inc., suffered damages in the amount of $202,772.60.

26. At all times relevant hereto, a contract of insurance for property damage was in effect between Today's Apparel, Inc., and Navigators, which provided coverage for, among other things, loss, or damage to the aforementioned consignment being carried in container EGHU9863366 as hereinbefore described.

27. Pursuant to the aforementioned contract of insurance between Today's Apparel, Inc., and Navigators,, monies have been expended on behalf of Today's Apparel, Inc., to the detriment of Navigators due to the loss of the subject container EGHU9863366 during ocean transit.

28. As Navigators has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Evergreen Marine Corp., Navigators has an equitable right

of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant Evergreen Marine Corp.

29. Today's Apparel, Inc., in addition, assigned the deductible portions of the claim to Navigators.

30. By reason of the foregoing, Plaintiff has sustained losses with respect to the cargo in container EGHU9863366 which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $202,772.60.

Claim Three

31. On or about December 23, 2020, a consignment consisting of 256 cartons containing sofas shipped in Container EITU1762560, then being in good order and condition, was delivered to Defendant Evergreen Marine (UK) Limited and/or its agents in Shanghai, China, by cargo shipper Anji Chuanhai Import and Export Trade Co., Ltd. The cargo was booked for transit on board the M/V EVER LIBERAL in Shanghai destined for Los Angeles, CA, all in consideration of an agreed upon freight, and pursuant to Evergreen Line bill of lading 142053911000 dated December 23, 2020, requiring delivery to the owner of the shipment at destination, RGE Motor Direct, Inc., the consignee of the subject shipment.

32. Thereafter the container was loaded on board the M/V EVER LIBERAL on or about December 23, 2020, Evergreen Line bill of lading 142053911000 was issued and the vessel sailed for her intended destination.

33. Upon arrival at Los Angeles, CA, the subject container was not discharged and was not delivered to the cargo owner and/or consignee, RGE Motor Direct, Inc., it being alleged the subject container EITU1762560 was lost overboard during the voyage from Shanghai to Los Angeles, CA.

34. As a result of the failure on the part of Evergreen Line to deliver the subject container at the port of discharge, Los Angeles, CA, the consignment was not in the same good order and condition as when first received by defendant, but, instead, had suffered physical damage and was considered a total loss while in said defendant's care, custody, and control.

35. The damage to the subject cargo was not the result of any act or omission of the plaintiff or its assured, RGE Motor Direct, Inc., the owner of the subject shipment but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

36. The invoice value of the cargo was $13,016.80, including duty and other charges which RGE Motor Direct, Inc., were obligated to pay with respect to the subject shipment. Thus, RGE Motor Direct, Inc., suffered a loss in the amount of $13,016.80.

37. As a result of the foregoing, RGE Motor Direct, Inc., suffered damages in the amount of $13,016.80.

38. At all times relevant hereto, a contract of insurance for property damage was in effect between RGE Motor Direct, Inc., and Navigators, which provided coverage for, among other things, loss, or damage to the aforementioned consignment being carried in container EITU1762560 as hereinbefore described.

39. Pursuant to the aforementioned contract of insurance between RGE Motor Direct, Inc., and Navigators,, monies have been expended on behalf of RGE Motor Direct, Inc., to the detriment of Navigators due to the loss of the subject container EITU1762560 during ocean transit.

40. As Navigators has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Evergreen Marine Corp., Navigators has an equitable right

of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant Evergreen Marine Corp.

41. RGE Motor Direct, Inc., in addition, assigned the deductible portions of the claim to Navigators.

42. By reason of the foregoing, Plaintiff has sustained losses with respect to the cargo in container EITU1762560 which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $13,016.80.

**AS AND FOR A FIRST CAUSE OF ACTION**

43. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 42, inclusive, as if herein set forth at length.

44. Pursuant to the contract of carriage entered into by and between the parties, the Defendants owed contractual and statutory duties to the aforementioned cargo owners to carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods, pursuant to the Carriage of Goods by Sea Act, 46 United States Code 30701, et al.

45. The Defendants breached their contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

46. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $233,780.43.

47. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $233,780.43.

## AS AND FOR A SECOND CAUSE OF ACTION

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 47, inclusive, as if herein set forth at length.

49. At the time of the aforementioned incident, Defendants, together with the entities it hired to act on their behalf, was acting as bailee of the aforementioned cargo and in their own capacity, or through its contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendants also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

50. Defendants breached their duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

51. As a direct and proximate result of said breach of bailment by Defendants, the Plaintiff has suffered damages presently estimated to be no less than $233,780.43.

52. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $233,780.43.

## AS AND FOR A THIRD CAUSE OF ACTION

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 52, inclusive, as if herein set forth at length.

54. The Defendants owed a duty to carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

55. The Defendants breached and was negligent in exercising their duty to carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

56. As a direct and proximate result of the negligent acts committed by Defendants, the Plaintiff has suffered damages presently estimated to be no less than $233,780.43.

57. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $233,780.43.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of Plaintiff's damages in the total amount of at least $233,780.43, plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
December 29, 2021
608-02

LAW OFFICES OF
JAMES P. KRAUZLIS, ESQ.
Attorneys for Plaintiff

By: _____

11

James P. Krauzlis, Esq.
284 Baylawn Avenue
Copiague, New York 11726
(516) 819-1232